UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
COREY FRIEDMAN,

                Plaintiff,

    -against-                   MEMORANDUM & ORDER
                                   08-CV-2801 (JS) (WDW)
MARK SCHWARTZ,

                Defendant.
----------------------------------X
APPEARANCES:
For Plaintiff:      Kenneth A. Elan, Esq.
                     217 Broadway, Suite 606
                     New York, NY 10007

For Defendant:     Mark Schwartz, Pro se
                     800 Ocean Drive, #201
                     Juno Beach, FL 33408

SEYBERT, District Judge:

        Plaintiff Corey Friedman ("Plaintiff") commenced this action in diversity alleging that Defendant, Mark Schwartz ("Defendant"), breached their loan agreement ("Loan" or "Agreement"). Presently before the Court is Plaintiff's motion for summary judgment. For the reasons discussed below, Plaintiff's motion is DENIED.

BACKGROUND

        Plaintiff is seeking to recover $100,000.00, plus interest, representing money he loaned to Defendant on October 1, 2003. According to Plaintiff,[1] Defendant was the producer of

---

[1] The facts, as outlined below, are taken from Plaintiff's 56.1 Statement. Despite receiving multiple explanations from the Court and the pro se department of the Clerk's Office on how to submit a compliant 56.1 Counter-

a show called "Harmony," based on the music of Barry Manilow. Defendant solicited Plaintiff to invest monies during meetings held in New York. Defendant allegedly represented that he would give Plaintiff a lien on his condominium in Florida as security for the Loan. Eventually, Plaintiff agreed to lend Defendant $100,000.00 with a ten-percent interest rate. (Pl.'s 56.1 Stmt. ¶¶ 4-8.) Accordingly, Plaintiff wired the funds to a bank account maintained by Defendant for the show at JP Morgan Chase, located at 3 Times Square, New York, New York. (Id. ¶ 10.)

Despite completing the wire, Plaintiff never received documentation memorializing the Agreement with Defendant. After wiring the money, however, there were some contacts between the Plaintiff and Defendant, though it is unclear who initiated the contacts on all occasions. The parties exchanged e-mails on several occasions and discussed the debt repayment. (Id. ¶¶ 16-23.)[2] Therein, Plaintiff repeatedly attempted to get Defendant to admit that he was personally liable for repayment of the loan. Despite these attempts, however, Defendant did no more

---

Statement, Defendant did not comply with the local rules. Defendant first failed to file a Counter-Statement altogether, even after communicating with Plaintiff regarding the proper procedure. Then, during the pre-motion conference, prior to Plaintiff's submission of his summary judgment motion, the Court explained to the Defendant how to complete a proper Counter-Statement, and referred him to the pro se office for additional assistance. Defendant later submitted a Counter-Statement, but failed to cite any evidence in support of his positions. Finally, Defendant has not opposed Plaintiff's motion either with an affidavit or a memorandum of law. Accordingly, the Court deems the statements in Plaintiff's 56.1 Statement to be true.

[2] Plaintiff has provided the Court with copies of these emails as exhibits in support of his motion.

than make promises that Plaintiff would be repaid, notably omitting who would make these payments; at times, Defendant failed to deny that he was personally liable for repayment, and at others he states that Harmony was the borrower, not him personally. (See Pl.'s Exhs. B-M.)

DISCUSSION

I. Standard of Review

A. Federal Rule of Civil Procedure 56: Summary Judgment

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265, 273 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202, 213 (1986); McLee v. Chrysler Corp., 109 F.3d 130, 134 (2d Cir. 1997). "In assessing the record to determine whether there is a genuine issue to be tried . . . the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." McLee, 109 F.3d at 134. The burden of proving that there is no genuine issue of material fact rests with the moving party. Gallo v. Prudential

Residential Servs., L.P., 22 F.3d 1219, 1223 (2d Cir. 1994) (citing Heyman v. Com. & Indus. Ins. Co., 524 F.2d 1317, 1320 (2d Cir. 1975)). Once that burden is met, the non-moving party must "come forward with specific facts," LaBounty v. Coughlin, 137 F.3d 68, 73 (2d Cir. 1998), to demonstrate that "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," Anderson, 477 U.S. at 258, 106 S. Ct. at 2515, 91 L. Ed. 2d at 218. "Mere conclusory allegations or denials will not suffice." Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986). And "unsupported allegations do not create a material issue of fact." Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000).

### B. Local Civil Rule 56.1: Statements of Material Facts on Motion for Summary Judgment

Pursuant to Local Rule 56.1, the party moving for summary judgment must provide "a separate, short[,] and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." LOCAL R. 56.1(a). Similarly, the non-moving party is required respond to "each numbered paragraph in the statement of the moving party, and if necessary, [include] additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried." LOCAL R. 56.1(b). "Each

4

numbered paragraph . . . [provided] by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by . . . the opposing party." LOCAL R. 56.1(c). Additionally, "each statement by the movant or opponent pursuant to Rule 56.1(a) and (b), including each statement controverting any statement of material fact, must be followed by citation to evidence which would be admissible, set forth as required by Federal Rule of Civil Procedure 56(e)." LOCAL R. 56.1(d).

II. Breach of Contract

    A. Required Showing

To recover for a breach of contract, Plaintiff must establish: (1) the existence of an agreement; (2) the plaintiff's adequate performance of that agreement; (3) a breach by the defendant; and (4) damages. See Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y., 375 F.3d 168, 177 (2d Cir. 2004); Harsco Corp. v. Segui, 91 F.3d 337, 348 (2d Cir. 1996); see also Log On Am., Inc. v. Promethean Asset Mgmt. LLC, 223 F. Supp. 2d 435, 451 (S.D.N.Y. 2001). Thus, the first question the Court must answer is whether there was a valid contract at all. A contract is formed when two or more parties consent to be bound to an agreement bargained between them. See, e.g., Mizuna, Ltd. v. Crossland Fed. Sav. Bank, 90 F.3d

5

650, 658 (2d Cir. 1996) ("A valid contract requires a manifestation of mutual assent to a bargained-for exchange.")

    B.    <u>Plaintiff Fails to Show Defendant's Express Agreement</u>

In this case, even without Defendant opposing his motion, Plaintiff fails to meet his burden establishing that a valid contract existed between the parties. Plaintiff's evidence of the existence of the contract consists of (1) his own affidavit and (2) a series of emails sent between the parties. But while Plaintiff's affidavit supports the conclusion that a contract existed between Plaintiff and Defendant, the emails fail to demonstrate a meeting of the minds between Plaintiff and Defendant. For example, while an interest rate is agreed upon by the parties, Plaintiff never indicates that he would be personally responsible for the repayment of the $100,000. Rather, at times Defendant's vague language obscures his understanding of the Agreement and at others directly contradicts Plaintiff's statements:

> I can't do anything to move it along quicker,, their is no one who would like this settled more than me,,, we are out 1.6 million dollars plus . . . I don't mean this personally,, I think you are a truly nice and genuine person,, but you made a priority loan to Harmony On Broadway LLC,, which you also had a limited liability investment in, as did Lisa,, and no one can be paid back before this litigation is completed. I am sorry but that is the situation, the fact is that it is a priority means it would be paid

6

>       back first ahead of investment monies if
>       their wasn't enough money to pay everyone

(Pl.'s Mem. in Supp., Exh. M. (errors in original)).

    C.    <u>Plaintiff Fails to Show Defendant's Agreement Through Silence.</u>

In an alternative attempt to show an enforceable contract, Plaintiff argues that Defendant expressed his consent to the terms outlined in the emails through his silence. For purposes of this motion, the Court disagrees.

It is a fundamental tenet of contract law that "'[w]here the recipient of an offer is under no duty to speak, silence, when not misleading, may not be translated into acceptance merely because the offer purports to attach that effect to it.'" <u>Manigault v. Macy's East, LLC</u>, 506 F. Supp. 2d 156, 161 (E.D.N.Y. 2007) (reversed on other grounds) (quoting <u>Albrecht Chem. Co. v. Anderson Trading Corp.</u>, 298 N.Y. 437, 440, 84 N.E.2d 625 (1949)). This principle is stated in § 69(1) of the Restatement (Second) of Contracts, which reflects the law of New York. <u>See</u> <u>id.</u>; <u>see also</u> <u>Albrecht Chemical</u>, 298 N.Y. at 440, 84 N.E.2d 625 (citing Restatement (First) of Contracts § 72(1), carried forward verbatim into § 69(1)); <u>Karlin v. Avis</u>, 457 F.2d 57, 62 (2d Cir. 1972) ("New York law on silence as acceptance is firmly supported by the Restatement of Contracts."). Section 69(1) provides:

> (1) Where an offeree fails to reply to an offer, his silence and inaction operate as an acceptance in the following cases only:
>
>> (a) Where an offeree takes the benefit of offered services with reasonable opportunity to reject them and reason to know that they were offered with the expectation of compensation.
>>
>> (b) Where the offeror has stated or given the offeree reason to understand that assent may be manifested by silence or inaction, and the offeree in remaining silent and inactive intends to accept the offer.
>>
>> (c) Where because of previous dealings or otherwise, it is reasonable that the offeree should notify the offeror if he does not intend to accept.

Restatement (Second) of Contracts § 69(1).

Here, Plaintiff argues that Defendant was under a duty to speak, and that therefore, his silence was a manifestation of his acceptance to the terms outlined in the emails.[3] But again, for purposes of this motion, Plaintiff fails to establish the requirements of § 69(1). According to Plaintiff's own statements, by the time the parties began exchanging emails, the Agreement had already been negotiated, and Plaintiff had already performed his end of the bargain. So, it is possible that Plaintiff's emails were confirming the terms of the Agreement,

---

[3] This situation contrasts with those in which the offeror explicitly states that acceptance can be manifested through silence. <u>See</u> Restatement (Second) of Contracts § 69 cmt. c.

or attempts to add new terms. In any case, this uncertainty makes granting summary judgment inappropriate.

At bottom, Plaintiff claims that the Loan he made was to Defendant personally. But despite these purported intentions, Plaintiff sent the $100,000 to an account for Harmony On Broadway, LLC, and his own evidence both supports and contradicts his arguments. In light of the Court's obligation to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought, see McLee, 109 F.3d at 134, the Court finds that Plaintiff has not met his burden of showing that Defendant assented to the terms Plaintiff laid out in his correspondence. Gallo, 22 F.3d at 1223 (proving that there is no genuine issue of material fact rests with the moving party.). Accordingly, Plaintiff has failed to establish that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law, and his motion is DENIED.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is DENIED.

SO ORDERED.

_____
Joanna Seybert, U.S.D.J.

Dated: September 30, 2010
   Central Islip, New York